UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

INT'L BHD. OF ELEC. WORKERS LOCAL NO. 43
PENSION, ANNUITY AND HEALTH AND WELFARE
FUNDS; CENT. NEW YORK JOINT APPRENTICESHIP
AND TRAINING COMM. FOR THE ELEC. INDUS.;
NAT'L ELEC. BENEFIT FUND; CENT. NEW YORK
LABOR-MGMT. COOPERATION COMM.; NECA-IBEW
NAT'L LABOR-MGMT. COOPERATION COMM. TRUST
FUND; I.B.E.W. LOCAL UNION NO. 43; and FINGER
LAKES NEW YORK CHAPTER, NAT'L ELEC.
CONTRACTORS ASS'N,[1]

                         Plaintiffs,            5:09-CV-0087
                                                        (GTS/DEP)

v.

KAY-R ELEC. CORP.; KEVIN M. O'CONNOR, Individually
and as an Officer of Kay-R Electric Corp.; PHILLIP
O'CONNOR, Individually and as an Officer of Kay-R Electric
Corp.; and JEFFREY HANRETTY, Individually and as an
Officer of Kay-R Electric Corp.,

                        Defendants.

_____

APPEARANCES:                                 OF COUNSEL:

BLITMAN, KING LAW FIRM               JENNIFER A. CLARK, ESQ.
  Counsel for Plaintiffs
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, New York 13204

LAW OFFICE OF DAVID M. GIGLIO      DAVID M. GIGLIO, ESQ.
  Counsel for Defendant Jeffrey Hanretty
231 Elizabeth Street
Utica, New York 13501

HON. GLENN T. SUDDABY, United States District Judge

---

     [1]     The caption on this action's docket sheet incorrectly identifies "Finger Lakes New York Chapter" as a Plaintiff distinct from the "National Electrical Contractors Association." (Dkt. No. 1, at 1, 5.) The Clerk of the Court is directed to correct the caption on the docket sheet.

**MEMORANDUM-DECISION and ORDER**

Currently pending before the Court in this Employee Retirement Income Security Act ("ERISA") action filed by the seven above-captioned unions and union trust funds ("Plaintiffs") against Kay-R Electric Corporation, Kevin M. O'Connor, Phillip O'Connor and Jeffrey Hanretty, ("Defendants") is Plaintiffs' motion for partial default judgment. (Dkt. No. 24.) For the reasons stated below, Plaintiffs' motion is granted in part and denied in part without prejudice.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiffs' Complaint**

Liberally construed, Plaintiffs' Complaint asserts the following claims against Defendants: (1) violation of 29 U.S.C. §1145; (2) violation of 29 U.S.C. §1104; (3) violation of 29 U.S.C. §1106; and (4) violation of 29 U.S.C. §1109.[2] (*See generally* Dkt. No. 1.) Generally, in support of those claims, Plaintiffs' Complaint alleges as follows: (1) Defendants failed to make contributions to various union pension plans; (2) Defendants failed to timely remit contributions and deductions; (3) Defendants impermissibly used the assets and interest of Plaintiffs' fiduciaries, participants and beneficiaries; and (4) Defendants have continuously failed to comply with their obligations to Plaintiffs, despite Plaintiffs' demand for compliance. (*Id.*)

   B.   **Plaintiffs' Service of Complaint and Defendant Hanretty's Answer**

On February 2, 2009, Plaintiffs properly served their Complaint on Defendants Kay-R Electric Corporation and Kevin O'Connor. (Dkt. No. 5, 6.) On February 5, 2009, Plaintiffs properly served their Complaint on Defendant Jeffrey Hanretty. (Dkt. No. 7.) On March 15,

---

[2] In addition, Plaintiffs' Complaint seeks (1) declaratory judgment directing Defendants to produce their books and records for Plaintiffs review and audit (and pay the cost and expense of such audit including all attorneys' and paralegal fees and costs incurred in obtaining the audit), and (2) an injunction directing Defendants to perform and continue to perform their obligations to Plaintiffs. (Dkt. No. 1.)

2009, Defendant Hanretty filed an Answer to Plaintiffs' Complaint. (Dkt. No. 8.) On May 28, 2009, Plaintiffs served Defendant Phillip O'Connor by certified mail. (Dkt. No. 18.)[3]

### C. Clerk's Entry of Default Against Non-Answering Defendants

On May 21, 2009, after the deadline to file an Answer expired, Plaintiffs filed a request for entry of default against Defendants Kay-R Electric Corporation and Kevin O'Connor, who had yet to appear in this action. (Dkt. No. 14.) On that same day, a Clerk's entry of default was issued against these two Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 15.)

On October 20, 2009, after the deadline to file an Answer expired, Plaintiffs filed a request for entry of default against Defendant Phillip O'Connor, who had yet to appear in this action. (Dkt. No. 21.) On October 22, 2009, a Clerk's entry of default was issued against this Defendant, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 23.)

As of the date of this Decision and Order, Defendants Kay-R Electric Corporation, Kevin O'Connor and Phillip O'Connor (hereinafter "the defaulting Defendants") have not appeared and attempted to cure the entries of default. (*See generally* Docket Sheet.)

### D. Plaintiffs' Motion for Partial Default Judgment and the Defaulting Defendants' Non-Response

On March 18, 2010, Plaintiffs filed a motion for partial default judgment against the defaulting Defendants, pursuant to Fed. R. Civ. P. 54(b) and 55(b). (Dkt. No. 24.)[4] As of the

---

[3] Plaintiffs made several attempts to serve Defendant Phillip O'Connor before requesting, and being granted, permission to serve this Defendant by mailing a copy of the summons and Complaint to his father, Kevin M. O'Connor, and his brother, Kevin T. O'Connor, at their last known mailing addresses, together with a copy of the Court's Order requesting that they immediately deliver the summons and Complaint to Phillip O'Connor. (Dkt. Nos. 3, 11, 13, 16.)

[4] The Court notes that Plaintiffs' motion for default judgment is made with regard to the First, Third, and Fourth Causes of Action against the defaulting Defendants. (Dkt. No. 24, Attach. 26.)

3

date of this Decision and Order, the defaulting Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of their motion for partial default judgment, Plaintiffs argue as follows: (1) a delay in allowing Plaintiffs to enforce their claim and to collect the debt may result in the debt being uncollectible; (2) Defendants Kevin O'Connor and Phillip O'Connor, as corporate officers and fiduciaries of Defendant Kay-R Electric Corporation, are individually liable for failing to deliver contributions; (3) the defaulting Defendants are contractually obligated to pay interest, liquidated damages and attorneys' fees and costs in connection with the late payment of contributions, regardless of whether those contributions are paid prior to or subsequent to commencement of a lawsuit; and (4) Plaintiffs are statutorily entitled to an award of the attorneys' fees and costs incurred in connection with the collection of the fringe benefit contributions and deductions. (Dkt. No. 24, Attach. 26.) Familiarity with the particular grounds for Plaintiffs' motion for partial default judgment against the defaulting Defendants is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

4

Moreover, Fed. R. Civ. P. 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### III. ANALYSIS

#### A. Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs have met their modest threshold burden of establishing entitlement to partial default

5

judgment against the defaulting Defendants on the issue of liability, under the circumstances.[5] The Court notes that Plaintiffs' motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to the defaulting Defendants. However, no Answer has been filed and none of the defaulting Defendants have appeared. Finally, the Clerk has already entered default against the defaulting Defendants, and Plaintiffs have served the defaulting Defendants with their motion for the issuance of default judgment. However, the defaulting Defendants have still neither responded to the motion nor appeared in this action.

For each of these alternative reasons, the Court grants Plaintiffs' motion for the issuance of partial default judgment on the issue of liability pursuant to Fed. R. Civ. P. 54(b) and 55(b). The Court would only add that, "in reaching the conclusion that [P]laintiff[s] ha[ve] adequately stated a claim against the defaulting [D]efendants, [the Court] in no way intend[s] to opine on whether the answering [D]efendant[ , Defendant Jeffrey Hanretty,] ha[s] any liability for the claims alleged or to affect the answering [D]efendant[']s[] right[] to assert any defense against [P]laintiffs' claims." *3947 Austin Blvd. Associates, LLC v. M.K.D. Capital Corp.*, 04-CV-8596, 2006 WL 785272, at *1 (S.D.N.Y. Mar. 24, 2006) (citing *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 [2d Cir. 1976]).

---

[5] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

**B.     Damages**

"[I]n a multi-defendant case, 'where some but not all defendants have defaulted, . . . it is [ordinarily] appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.'" *Harvey v. Home Savers Consulting Corp.*, 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (quoting *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 [S.D.N.Y. 1992]).  "The Court, however, has the discretion to depart from this usual rule in the interests of justice." *Johannes Baumgartner Wirtschafts und Vermogensberatung GMBH v. Salzman*, 08-CV-2582, 2010 WL 3937270, at *1 (E.D.N.Y. Sept. 30, 2010) (entering default judgment against defaulting defendants because [1] "no Defendant ha[d] . . . answered the Complaint or otherwise contested its merits[,]" [2] "Plaintiffs . . . agreed to deposit any money recovered from [the defaulting defendants] with the Court, pending th[e] litigation's final resolution[,]" [3] "the Court believe[d] that the risk of the defaulting Defendants squirreling away assets [wa]s high[,]" and [4] "Plaintiffs' motion for a partial default judgment s[ought] only liquidated damages that [we]re easily calculable, while deferring consideration of other damages").

Here, Defendant Jeffrey Hanretty has filed an answer to the Complaint contesting its merits.  (Dkt. No. 8.)  Moreover, the Court is not convinced that there is a high risk that, if default judgment is not entered against the defaulting Defendants, assets that are currently accessible will no longer be recoverable.  This is partially because the Court is not convinced that the defaulting Defendants have any assets in their possession that are currently accessible.

In addition, while Plaintiffs' First Cause of Action is asserted against Defendant Kay-R Electric Corporation, Plaintiffs' Third and Fourth Causes of Action are asserted against all four

of the Defendants.  (Dkt. No. 1.)  "Because [D]efendants are alleged to have committed these acts together, they may be held jointly and severally liable for the same damages." *Harvey*, 2008 WL 724152, at *1; *Mason Tenders Dist. Council Welfare Fund v. Precise Brick, Inc.*, 08-CV-8373, 2009 WL 1675399, at *2 (S.D.N.Y. June 15, 2009) (noting that, because "Precise and Iannelli are jointly and severally liable for the contract claims pursuant to the two relevant collective bargaining agreements . . . as well as ERISA claims. . . . Precise is liable for the unpaid contributions, interest, liquidated damages and fees that are due, but have not been recovered by plaintiffs in the settlements with Iannelli and Safeco"); *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp.2d 561, 568 (S.D.N.Y. 2004) ("ERISA imposes joint and several liability on defendants"); *see also* 29 U.S.C. § 1105(a).  "Thus, deferring consideration of damages with respect to the defendants in default until after plaintiffs' contested claims are litigated will minimize the risk of inconsistent awards." *Harvey*, 2008 WL 724152, at *1.

     Finally, because Plaintiffs have moved for attorney's fees in this action, and will inevitably move for attorney's fees again in the event that they succeed on their claims against Defendant Jeffrey Hanretty, deferring consideration of damages avoids the drafting and issuance of multiple lengthy decisions on the issue of attorney's fees.

     For all of these reasons, Plaintiffs' motion for entry of a default judgment against the defaulting Defendants with regard to Plaintiffs' First, Third, and Fourth Causes of Action is denied without prejudice with respect to damages.

     **ACCORDINGLY**, it is

     **ORDERED** that Plaintiffs' motion for entry of partial default judgment against the defaulting Defendants with regard to Plaintiffs' First, Third, and Fourth Causes of Action (Dkt. No. 24) is **<u>GRANTED</u> <u>with respect to liability</u>**; and it is further

**ORDERED** that Plaintiffs' motion for entry of a default judgment against the defaulting Defendants with regard to Plaintiffs' First, Third, and Fourth Causes of Action (Dkt. No. 24) is **<u>DENIED</u> without prejudice with respect to damages**; and it is further

**ORDERED** that the Clerk of the Court correct the caption on the docket sheet, which incorrectly identifies "Finger Lakes New York Chapter" as a Plaintiff distinct from the "National Electrical Contractors Association" and correctly reflects it to be one entity. (Dkt. No. 1, at 1, 5.)

Date:   January 19, 2011
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge