UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INT'L BHD. OF ELEC. WORKERS LOCAL NO. 43
PENSION, ANNUITY AND HEALTH AND WELFARE
FUNDS; CENT. NEW YORK JOINT APPRENTICESHIP
AND TRAINING COMM. FOR THE ELEC. INDUS.;
NAT'L ELEC. BENEFIT FUND; CENT. NEW YORK
LABOR-MGMT. COOPERATION COMM.; NECA-IBEW
NAT'L LABOR-MGMT. COOPERATION COMM. TRUST
FUND; I.B.E.W. LOCAL UNION NO. 43; and FINGER
LAKES NEW YORK CHAPTER, NAT'L ELEC.
CONTRACTORS ASS'N,

                              Plaintiffs,                    5:09-CV-0087
                                                             (GTS/DEP)
v.

KAY-R ELEC. CORP.; KEVIN M. O'CONNOR, Individually
and as an Officer of Kay-R Electric Corp.; PHILLIP
O'CONNOR, Individually and as an Officer of Kay-R Electric
Corp.; and JEFFREY HANRETTY, Individually and as an
Officer of Kay-R Electric Corp.,

                              Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

BLITMAN & KING LLP                            JENNIFER CLARK, ESQ.
  Counsel for Plaintiffs
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, New York 13204

LAW OFFICE OF DAVID M. GIGLIO                 DAVID M. GIGLIO, ESQ.
  Counsel for Defendant Jeffrey Hanretty
231 Elizabeth Street
Utica, New York 13501

HON. GLENN T. SUDDABY, United States District Judge

<u>**MEMORANDUM-DECISION and ORDER**</u>

Currently pending before the Court in this Employee Retirement Income Security Act ("ERISA") action filed by the seven above-captioned unions and union trust funds ("Plaintiffs") against Kay-R Electric Corporation, Kevin M. O'Connor, Phillip O'Connor and Jeffrey Hanretty, ("Defendants") is Plaintiffs' motion for default judgment with regard to Plaintiffs' First, Second,[1] Third, and Fourth Causes of Action on the issue of damages against Defendants Kay-R Electric Corporation, Kevin O'Connor and Phillip O'Connor (hereinafter "the defaulting Defendants"). (Dkt. Nos. 24, 30.)[2]  For the reasons stated below, Plaintiffs' motion is granted in part and denied in part, and Plaintiffs' Fifth Cause of Action is deemed voluntarily withdrawn.

## I.    RELEVANT BACKGROUND

Because the Court discussed in detail in the January Order the claims asserted by Plaintiffs in their Complaint, as well as the procedural history of this lawsuit, the Court need not, and does not, recite those claims, or that history, in this Decision and Order, which is intended primarily for the review of the parties.  Rather, the Court refers the reader to the January Order. (Dkt. No. 26.)

---

[1]      Plaintiffs' memorandum of law expressly seeks default judgment with regard to only Plaintiffs' First, Third and Fourth Causes of Action.  (Dkt. No. 24.)  However, the Court finds, based on the damages amount requested by Plaintiffs (and in particular, the liquidated damages amount and interest amount requested for the delinquent payment of contributions and deductions between the time period that encompasses January 2004 to December 2005, and January 2006 to January 2008), that Plaintiffs seek default judgment also with regard to their Second Cause of Action.  (*See, e.g.*, Dkt. No. 24, Attach. 22; Dkt. No. 30, Attach. 1.)  As a result, the Court hereby amends its Decision and Order issued on January 19, 2011 ("January Order") so as to grant default judgment on the issue of liability with regard to Plaintiffs' Second Cause of Action.

[2]      In the January Order, the Court (1) granted Plaintiffs' motion for partial default judgment with regard to Plaintiffs' First, Third, and Fourth Causes of Action on the issue of liability against the defaulting Defendants, and (2) denied without prejudice to re-filing Plaintiffs' motion for default judgment against defaulting Defendants on the issue of damages. (Dkt. No. 26.)

However, for purposes of deciding this motion for partial default judgment, the Court finds that two points are worth noting.  First, Plaintiffs' motion for default judgment on the issue of damages was denied in the January Order for three reasons: (1) Defendant Jeffrey Hanretty had filed an answer to the Complaint contesting its merits, and Defendants could be held jointly and severally liable for the same damages; (2) the Court was not convinced that there was a high risk that, if default judgment were not entered against the defaulting Defendants, assets that were then-currently accessible would no longer be recoverable; and (3) Plaintiffs would inevitably move for attorney's fees again in the event that they succeeded on their claims against Defendant Jeffrey Hanretty, and deferring consideration of damages would avoid the drafting and issuance of multiple lengthy decisions on the issue of attorney's fees.  (*Id*.)

Second, after the Court's issuance of the January Order, Plaintiffs filed a stipulation of discontinuance against Defendant Jeffrey Hanretty, which the Court approved on February 7, 2011.  (Dkt. No. 28.)

## II.    RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citing Fed. R. Civ. P. 55[b][2]).

Moreover, Fed. R. Civ. P. 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . , the court may direct  entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

III.   **ANALYSIS**

Before turning to an analysis to Plaintiffs' request for monetary relief, the Court pauses to briefly discuss Plaintiffs' Fifth Cause of Action, which seeks injunctive relief based on Defendants' current and anticipated future violation of ERISA and breach of the collective bargaining agreements, the Trust Agreements and the Collection Policy, enjoining Defendants

from failing to remit contributions, deductions and monthly remittance reports.  (Dkt. No. 1.) Plaintiffs' counsel has indicated a desire to withdraw Plaintiffs' Fifth Cause of Action as moot, due to the fact that Defendant Kay-R Electric Corporation is no longer in business.  Under the circumstances, Plaintiffs' Fifth Cause of Action is conditionally dismissed, unless, within thirty (30) days of the filing date of this Decision and Order, Plaintiffs file a letter brief indicating their intent to pursue this cause of action, along with an explanation as to why (1) they failed to seek previously seek default judgment regarding this cause of action, and (2) the cause of action is meritorious.

Turning to Plaintiffs' request for monetary relief, Plaintiffs seek entry of judgment in the amount of $216,929.26.  (Dkt. No. 30.)  More specifically, Plaintiffs request $67,567.19 in contributions and deductions for the period of January 2004 through January 2008, $47,352.10 in interest, $51,943.02 in liquidated damages, $16,215.28 in audit fees and costs, and $33,851.70 in attorney's fees and costs accrued in pursuing collection of Defendants' debts.  (*Id*.)

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due."  *Masino v. A to E, Inc*., 07-CV-3462, 2009 WL 5184340, at *2 (E.D.N.Y. Dec. 21, 2009) (quotation marks omitted).  Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover the following amounts:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of-
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

"Section 1332(g) thus creates a mandatory right to interest, liquidated damages, and audit and attorney's fees 'in any case in which a judgment in favor of the [Fund] is awarded.'" *Masino v. A to E, Inc*., 08-CV-2656, 2010 WL 5980084, at *2 (E.D.N.Y. June 8, 2010) (quoting *Masino*, 2009 WL 5184340, at *2).

### A.      Unpaid Contributions

Plaintiffs allege that defaulting Defendants owe $67,567.19 in unpaid contributions.  The Second Circuit has made clear that "it [is] not necessary for the District Court to hold a hearing, as long as it is ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 111 (2d Cir. 1997).  Here, Plaintiffs' auditor examined Defendants' books and records; and the auditor's report supports this claim. (Dkt. No. 24, Attach. 18-20.)  Having carefully reviewed the auditor's report, the Court finds that Plaintiffs are entitled to an award $67,567.19 for unpaid contributions.

### B.      Interest on Unpaid Contributions

Pursuant to the parties' Pension, Health and Welfare, and Annuity Funds (the "Funds"), the Funds' Collections Policies (the "Policies"), the parties' collective bargaining agreements ("CBAs"), as well as Section 1332(g), Defendants must also pay interest on the unpaid contributions.  "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."  29 U.S.C. §

1132(g).  The Policies and/or Funds set forth various interest rates,[3] and indicate that contributions are due on either the fifteenth or the thirtieth day of the month following the month during which hours were worked.  (Dkt. No. 24, Attach. 1, at ¶ 8 [Kloc Aff.]; Dkt. No. 24, Attach. 4, at ¶ 8 [Morgan Aff.]; Dkt. No. 24, Attach. 13, at ¶ 9 [Oppedisano Aff.]; Dkt. No. 24, Attach. 15, at ¶ 6 [Reed Aff.]; Dkt. No. 24, Attach. 16, at ¶ 5 [Dulcich Aff.].)  Plaintiffs request that defaulting Defendants pay interest based on non-payment or late payment of contributions over various times between January 2004 and January 2008 in an amount of $47,352.10.  (Dkt. No. 30, Attach. 1.)  After carefully considering the matter, the Court finds that this calculation reflects a reasonable construction of the Policies and the CBAs.  As a result, Plaintiffs are awarded $47,352.10 in interest on the unpaid contributions.

### C.      Liquidated Damages

Pursuant to ERISA, the Policies, the Funds, and the CBAs, Plaintiffs are also entitled to liquidated damages.  *See* 29 U.S.C. § 1132(g)(2)(C)(ii); *see also* Dkt. No. 24, Attach. 1, at ¶ 9 [Kloc Aff.]; Dkt. No. 24, Attach. 4, at ¶ 9 [Morgan Aff.]; Dkt. No. 24, Attach. 13, at ¶ 10 [Oppedisano Aff.]; Dkt. No. 24, Attach. 15, at ¶ 7 [Reed Aff.]; Dkt. No. 24, Attach. 16, at ¶ 6 [Dulcich Aff.].)  After carefully considering the matter, the Court finds that Plaintiff accurately calculates that amount as $51,943.01.  (Dkt. No. 30, Attach. 1.)  As a result, Plaintiffs are awarded $51,943.01 in liquidated damages.

### D.      Reasonable Attorneys' Fees and Costs

The CBAs and the Funds authorize Plaintiffs to recover reasonable attorney's fees and costs expended for Defendants' failure to make contributions.  (*See, e.g.*, Dkt. No. 24, Attach. 5, at 25-26.)  "The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA

---

[3]      (Dkt. No. 24, Attach. 1, at ¶ 9 [Kloc Aff.]; Dkt. No. 24, Attach. 4, at ¶ 9 [Morgan Aff.]; Dkt. No. 24, Attach. 13, at ¶ 10 [Oppedisano Aff.]; Dkt. No. 24, Attach. 15, at ¶ 7 [Reed Aff.]; Dkt. No. 24, Attach. 16, at ¶ 6 [Dulcich Aff.].)

lies within the sound discretion of the district judge." *Trs. of Local 7 Tile Indus. Welfare Fund v. Bennick*, 07-CV-4992, 2010 WL 1437928, at *2 (E.D.N.Y. Apr. 9, 2010) (citing *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1043 [E.D.N.Y. 1993]); *see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994).  In calculating a "reasonable" fee award, the court must first establish "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).

On January 19, 2011, the Court issued a Decision and Order in an ERISA action involving a defaulting defendant (in which Plaintiffs' counsel represented the plaintiffs), and found, among other things, that the reasonable hourly rate for an attorney with Plaintiffs' counsel's experience in this community who litigates cases such as this one, particularly where the defendant has defaulted, was $210.00, and the reasonable hourly rate for Plaintiffs' counsel's paralegal was $80.  *See Eng'rs Joint Welfare Fund v. W. New York Contractors, Inc.*, 09-CV-0417, 2011 WL 167228, at *3 (N.D.N.Y. Jan. 19, 2011).  After carefully considering the matter, the Court finds that such an hourly rate (for Plaintiffs' counsel and Plaintiff's counsel's paralegal) remains reasonable.  As a result, Plaintiffs' counsel is entitled to attorney's fees in an amount of $24,105.00.[4]

In addition, Plaintiffs are entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with services of the summons and complaint, and computer research costs.  After carefully

---

[4]     The Court reaches this conclusion by adding together the following: (1) the number of hours Plaintiff's counsel's billing records indicate that Plaintiff's counsel spent on this action (86.1) multiplied by $210, or $18,081.00; and (2) the number of hours Plaintiff's counsel's billing records indicate that Plaintiff's counsel's paralegal spent on this action (75.3) multiplied by $80, or $6,024.00.

considering the matter, the Court finds that Plaintiffs' counsel has sufficiently itemized the various costs expended by her related to her efforts to recover Plaintiffs' debts.  As a result, Plaintiffs are awarded their requested costs of $2,886.85.

  **E.**  **Audit Fees**

  Finally, ERISA and the CBA authorize Plaintiffs to recover audit costs.  *See King v. JCS Enters*., 325 F. Supp.2d 162, 172 (E.D.N.Y. 2004) (finding that 29 U.S.C. § 1132(g)(2)(E) allows recovery of audit fees).  (*See also* Dkt. No. 24, Attach. 5, at 23.)  Here, Plaintiffs request $16,215.28 in audit fees.  Requests for audit fees must be supported by "records . . . sufficient to allow the court to determine the reasonableness of the audit costs."  *Morin v. Nu-Way Plastering Inc*., 03-CV-0405, 2005 WL 3470371, at *4 (E.D.N.Y. Dec. 19, 2005) (citing *King*, 325 F. Supp.2d at 173-74).  After carefully considering the matter, the Court finds that Plaintiffs have provided adequate records, which reflect the reasonableness of the requested audit costs.  (Dkt. No. 24, Attach. 20, at 25-31.)  As a result, Plaintiffs are awarded $16,215.28 in audit fees.

  **ACCORDINGLY**, it is

  **ORDERED** that Plaintiffs' motion for partial default judgment with regard to Plaintiffs' First, Second, Third, and Fourth Causes of Action on the issue of damages against defaulting Defendants is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part** such that defaulting Defendants owe Plaintiffs a total of **TWO HUNDRED TEN THOUSAND SIXTY-NINE DOLLARS AND FORTY-THREE CENTS** ($210,069.43), broken down as follows:

    **SIXTY-SEVEN THOUSAND FIVE HUNDRED SIXTY-SEVEN DOLLARS AND NINETEEN CENTS** ($67,567.19) in unpaid contributions,

    **FORTY-SEVEN THOUSAND, THREE HUNDRED FIFTY-TWO DOLLARS AND TEN CENTS** ($47,352.10) in interest on the unpaid contributions,

      **FIFTY-ONE THOUSAND, NINE HUNDRED FORTY-THREE DOLLARS AND ONE CENT** ($51,943.01) in liquidated damages,

      **TWENTY-FOUR THOUSAND ONE HUNDRED FIVE DOLLARS AND ZERO CENTS** ($24,105.00) in attorney's fees,

      **TWO THOUSAND EIGHT HUNDRED EIGHTY-SIX DOLLARS AND EIGHTY-FIVE CENTS** ($2,886.85) in costs, and

      **SIXTEEN THOUSAND TWO HUNDRED FIFTEEN DOLLARS AND TWENTY-EIGHT CENTS** ($16,215.28) in audit fees; and it is further

      **ORDERED** that Plaintiffs' Fifth Cause of Action is conditionally dismissed, unless, within thirty (30) days of the filing date of this Decision and Order, Plaintiffs file a letter brief indicating their intent to pursue this cause of action, along with an explanation as to why (1) they failed to seek previously seek default judgment regarding this cause of action, and (2) the cause of action is meritorious.

Date:   July 21, 2011
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge